UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :    CASE NO. 3:99CR235(EBB)

V.    :

JOHN HACKNEY    :

FILED

2005 JAN -4  P 4: 03

U.S. DISTRICT COURT
NEW HAVEN, CT

## RESTITUTION ORDER

It is the Judgment of this Court, that the defendant John Hackney shall make restitution to the victims identified below in the amount of $204,164,215.79 which figure is calculated as follows:

The total losses sustained by the victims identified below is found to be $209,406,602.18.

– Of this amount, $607,141.00 was recovered by the victim insurance companies identified below ("the victim insurance companies") through the seizure and sale of an asset purchased with stolen funds in Franklin, Tennessee;

– Of this amount, $400,313.39 was recovered by the victim insurance companies through the seizure and sale of an asset purchased with stolen funds in Guntersville, Alabama;

– Of this amount, $355,858.46 in currency was recovered by the victim insurance companies from Martin Frankel in Germany;

– Of this amount, $2,158,551.17 was recovered by the victim insurance companies from an account in Germany;

– Of this amount $546,567.07 was recovered by the victim insurance companies from an account in Tennessee in the name of "Franklin American Trust."

– Of this amount $1,173,955.30 was recovered by the victim insurance companies from Marvin Thurston Little.

Thus, the remaining outstanding amount of loss suffered and not recovered is $204,164,215.79.

The Court understands that a number of diamonds and some jewelry were also recovered by the victim insurance companies and some or all of the diamonds and jewelry were sold at auction on December 8 and 9, 2004. Once the sale information and net amount of proceeds from the sale of the diamonds and jewelry are obtained by the government, the government is hereby ORDERED to advise the Court of the sale and the net amount of the proceeds from the sale so that the Restitution Order can be modified to reflect the recovery of these funds as well.

This Restitution obligation in the amount of $204,164,215.79 is due and payable immediately and shall be joint and several to the restitution obligation of co-defendants in this case, to wit Gary Atnip, Sonia Howe, Mona Kim and John Jordan. It is joint and several to the restitution obligation of defendant Karen Timmins in Case No. 3:99CR291(EBB). It is joint and several to the restitution obligation of defendant M. Thurston Little in Case No. 3:04CR44(EBB). It is joint and several to the restitution obligation of defendant David Rosse in Case No. 3:99CR299 (EBB). It is joint and several to any other defendants who may in the future, be sentenced for conduct in connection with that which forms the basis for the Indictment in this case.

Any monies paid in Restitution shall be apportioned among the victims identified below as specified herein.

| | |
|---|---|
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |
| First National Life Insurance Company | 54.78% |
| Franklin American Life Insurance Company | 8.00% |

| | |
|---|---|
| International Financial Services Life Insurance Co. | 22.08% |
| Farmers and Ranchers Life Insurance Company | 2.3% |
| Old Southwest Life Insurance Company | 1.75% |

It is further Ordered that the defendant shall, as a special condition of his Supervised Release make monthly payments to the victims identified in an amount not less than $ 1500.00 , subject to modification by this Court should the defendant's financial condition change.

Upon receipt of payments made hereunder of at least $500.00 in the aggregate, (unless the obligation is paid in full), the Clerk's Office is directed to make payment consistent with the above apportionment at the following addresses:

Franklin Protective Life Insurance Company
Family Guaranty Life Insurance Company
First National Life Insurance Company
c/o Commissioner of Insurance as Receiver
1804 Walter Sillers Building (39201)
Post Office Box 79
Jackson, Mississippi 39205

Farmers and Ranchers Life Insurance Company
c/o Commissioner of Insurance as Receiver
3814 N. Santa Fe
Oklahoma City, Oklahoma 73116
Franklin American Life Insurance Company
c/o Commissioner of Commerce and Insurance as Receiver
500 James Robertson Parkway
Davy Crockett Tower, 5th Floor
Nashville, TN 37243

International Financial Services Life Insurance Company
c/o Director of the Department of Insurance as Receiver
Truman State Office Building, Suite 530
301 West High Street
Jefferson City, Missouri 65101

Old Southwest Life Insurance Company
c/o Insurance Commissioner as Receiver
1200 W. Third Street, Room 340
Little Rock, Arkansas 72201-1904

No interest or penalties with respect to this obligation shall accrue insofar as the Government has waived any such interest or penalties pursuant to Title 18 United States Code §3612(h).

SO ORDERED, this 4th day of ~~December, 2004~~ January 2005, at New Haven, Connecticut.

_____
Ellen Bree Burns
Senior United States District Judge

4