UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case Nos.  3:00CR203(EBB) |
| | : |                   3:00CR204(EBB) |
| v. | : | |
| | : | March 16, 2007 |
| JOHN HACKNEY | : | |

**GOVERNMENT'S POST-*CROSBY* SUBMISSION**

The Government respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

**I. Procedural History**

On September 22, 2000, the defendant waived indictment and pleaded guilty to charges involving violations of the RICO and RICO Conspiracy statutes. *Docket No. 3:00CR203(EBB)*. In addition, the defendant waived indictment and pleaded guilty to a one-count information filed in the Middle District of Tennessee charging him with Money Laundering in violation of 18 U.S.C. § 1956(a)(2) which had been transferred to Connecticut pursuant to Rule 20 of the Federal Rules of Criminal Procedure. *Docket No. 3:00CR2004(EBB)*. On January 4, 2005, this Court sentenced the defendant on both cases to a total effective sentence of 48 months' incarceration to be followed by 2 years of supervised release. Further, the Court entered a restitution order which requires the defendant to make total restitution payments in the amount of $204,164,215.79. (Copies of the Judgements and Restitution Order are attached hereto as *Attachment A*.) On or about January 18, 2005, the defendant filed a motion for extension of time to file a notice of appeal and a notice of appeal. On December 21, 2006, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case upon consent of the

Government in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On January 24, 2007, the mandate of the Second Circuit issued. *See Attachment B*.[1]

## II. Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at 765-66.

The Court of Appeals for the Second Circuit summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable

---

[1] The Government notes that the defendant for some reason ended up with two docketed appeals in the Second Circuit. The January 24, 2007 mandate relates to Circuit docket number 06-3840. The second docketed appeal, that is docket number 06-3839, was recently dismissed by the Court of Appeals pursuant to a mandate which issued on March 12, 2007. *See Attachment C.*

> ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*Crosby*, 397 F.3d at 113 (emphasis added). When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Id.* at 114.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Id.* at 117. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, *under the circumstances existing at the time of the original sentence*, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id.* "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing,

but 'need not' require the presence of the Defendant . . . ." *Id.* at 120. The defendant should, however, have an "opportunity . . . to avoid resentencing by promptly notifying the district judge that resentencing will not be sought." *Id.* at 118. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.* at 120.

## II. Argument

In light of the limited nature of a *Crosby* remand, the Government respectfully takes the following position:

The United States is not aware of any fact or "circumstances exiting at the time of the original sentenc[ing]" *397 F.3d at 117*, which would suggest that it should or would have imposed a nontrivially different sentence if it had understood sentencing law as subsequently explained by the Supreme Court in *Booker*. Indeed, the sentence imposed on the defendant was not only "reasonable" (to use *Booker* language), but it was proportional to the sentences imposed on co-defendants who appeared before the Court. In this regard, co-defendant Gary Atnip, who pleaded guilty to RICO Conspiracy and Money Laundering, was sentenced principally to 121 months' incarceration and 3 years of supervised release. Co-defendant David Rosse, who pleaded guilty to a single RICO Conspiracy count, was sentenced principally to a term of 120 months' incarceration and 3 years of supervised release. Co-defendant Mona Kim, who was convicted at trial of RICO Conspiracy, Money Laundering and Wire Fraud, was sentenced principally to 80 months' incarceration and 3 years of supervised release. Co-defendant John

Jordan, who pleaded guilty to Rico Conspiracy and Money Laundering, was sentenced principally to 67 months' incarceration and 3 years of supervised release. Sonia Howe, who pleaded guilty to RICO and Money Laundering, was sentenced to 48 months' incarceration and 3 years of supervised release.

Unless the Court finds -- based on the then-existing circumstances-- that it would have imposed a nontrivially different sentence in light of the now-*advisory* guidelines range and the other factors set forth in 18 U.S.C. § 3553(a), the Government respectfully submits that it should simply place on the record an "appropriate explanation" for its decision and the defendant can then pursue the matter in the Second Circuit should he choose to do so. If, on the other hand, the Court determines that resentencing is necessary, it should vacate the sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43) and in light of the principles set forth in the Sentencing Reform Act, as well as *Booker* and *Crosby*.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    JOHN H. DURHAM
    DEPUTY UNITED STATES ATTORNEY
    Federal Bar No. CT05087
    157 Church Street, 23rd Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700
    Fax: (203) 773-5376
    john.durham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March 2007, a true and correct copy of the foregoing Motion was served by first-class mail upon defense counsel:

> G. Douglas Jones, Esq.
> Watley Drake & Kallas
> 2323 2nd Avenue North
> Birmingham, Alabama 35202-0647

_____
JOHN H. DURHAM
Deputy United States Attorney

# ATTACHMENT   A

# ATTACHMENT B

# ATTACHMENT    C